108 F.3d 1392
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald W. ROBBINS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7066.
 United States Court of Appeals, Federal Circuit.
 Feb. 18, 1997.
 
 Before MAYER, PLAGER, and BRYSON, Circuit Judges.
 ON MOTION
 PER CURIAM.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Donald W. Robbins' appeal for lack of jurisdiction. Robbins has not responded.
 
 
 2
 In 1991, the regional office granted Robbins service connection for residuals of a scalp laceration and residuals of a fracture of the left pubis and ischium, but assigned noncompensable evaluations to those claims. The regional office also denied Robbins' claim for entitlement to service connection for a low back injury. The Board of Veterans Appeals determined that the criteria for compensable evaluations had not been met and that a low back disability was not incurred in or aggravated by Robbins' active service. The Court of Veterans Appeals summarily affirmed the Board's decision, stating that the Board's factual findings had a plausible basis in the record. Robbins appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, Robbins maintains that his injuries are service-connected and compensable. Essentially, Robbins is challenging findings of fact. As this court has no jurisdiction to conduct such an inquiry, Robbins' appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) The Secretary's motion for an extension of time is moot.
 
 
 9
 (4) Each side shall bear its own costs.